UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24054-CIV- LENARD/GOODMAN

SANTOS MANUEL PANCHAME )
MARTINEZ and all others similarly situated )
under 29 U.S.C. 216(b), )
)
           Plaintiff, )
vs. )
)
EDDY COTO PRODUCE, INC., )
EDVARDO COTO, )
)
           Defendants. )
_____ )

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR ENTRY OF FINAL DEFAULT JUDGMENT, AND FOR ATTORNEYS' FEES, INCLUDING FUTURE FEES REGARDING COLLECTION OF DEFAULT**[1]

COMES NOW the Plaintiff, by and through the undersigned counsel, and hereby files the above-described Motion and requests entry of a Final Default Judgment against Defendants, jointly and severally, and in support thereof states as follows:

1. On October 18, 2016, this Court entered an Order adopting and modifying the Report and Recommendation [DE93] concerning fairness of the Parties FLSA Settlement pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982) and

---

[1] The Settlement Agreement, ¶ 4, states as follows: "COMPANY'S failure to pay the settlement within five (5) days of EMPLOYEE and his attorneys' satisfaction of the Conditions Precedent for payment shall be deemed a breach of this Agreement and shall result in the payment of an additional ten thousand dollars and no cents ($10,000.00) as a penalty. All checks shall be delivered to EMPLOYEE'S counsel." On October 23, 2016, the undersigned emailed Defense counsel regarding the breach as set forth herein, however said Notice (email) of breach was only sent by facsimile on October 26, 2016. *See* the Settlement Agreement ¶ 18 ("Any notices required to be made under this Agreement shall be made in writing and delivered by U.S. certified mail, by personal delivery, or by facsimile with confirmed receipt to the addresses below…"). Therefore, in an abundance of caution, Plaintiff has stricken his previous filing [DE98] and re-files the instant Motion.

attorneys' fee award and granted the Parties Joint Motion [DE81] to approve the Parties' FLSA Settlement and for Dismissal with Prejudice. [DE97].[2]

2. Per the Agreement, Paragraph 13 includes language expressly stating that the District Court of the Southern District shall retain jurisdiction to enforce or interpret the Agreement until 12/15/16.

3. Under the settlement agreement, Defendants were required to pay Plaintiff a sum certain of three separate amounts as (1) back wages; (2) liquidated damages; and (3) consideration for the General Release and the other promises made in the Agreement. *See* Settlement Agreement, ¶5(A)(1-3). Per the Agreement, the amount of money allocated as "back wages," in the amount of Ten Thousand Dollars and No Cents ($10,000.00) was the only amount subject to withholding and less applicable required deductions.

4. By agreement, any failure by Defendants to make the required payments within five (5) days of Plaintiff and his attorneys' satisfaction of the Conditions Precedent for payment "shall be deemed a breach of this Agreement and shall result in the payment of an additional ten thousand dollars and no cents ($10,000.00) as a penalty."  *See* Settlement Agreement, ¶ 4. Plaintiff met all conditions precedent for payment.

5. On October 21, 2016, Defendants furnished Plaintiff with the **_some_** of the Settlement Funds per the Agreement however Defendants failed to provide Plaintiff with the amount of money allocated as "back wages," in the amount of Ten Thousand Dollars and No Cents ($10,000.00), which was the only amount subject to withholding and less applicable required deductions pursuant to the approved Settlement Agreement.

---

[2] The Settlement Agreement was not filed on the record but the settlement agreement was read into the record at the hearing held before the Honorable Magistrate Judge Jonathan Goodman on 6/22/16 [DE88] per the Court's Order [DE83]. In an abundance of caution with regards to confidentiality the Agreement has not been attached to the instant Motion.

6. Plaintiff sent Defendants several Notices of Breach and follow up communications as required by the Agreement.

7. On October 27, 2016, Defendants furnished Plaintiff with a purported W2 check for One Thousand Dollars and No Cents ($1,000.00) claiming that Nine Thousand Dollars and No Cents ($9,000.00) was deducted as back wages on the entire amount Plaintiff received as his settlement portion.

8. Plaintiff conferred with Defendants advising that the Agreement specifically states that the only check for Ten Thousand Dollars and No Cents ($10,000.00) allocated as "back wages" is subject to withholdings and not the entire settlement amount attributed to Plaintiff and inquired as to whether Defendants plan on dropping Plaintiff a check for the outstanding monies. Based on Defendants response they do not intend to cure the breach.

9. Plaintiff, therefore, respectfully requests the Court enter an Order enforcing the Parties' settlement agreement and entering a Final Default Judgment against Defendants, jointly and severally, for the amount of Twenty One Thousand Eighty Dollars and No Cents ($21,080.00), which is the sum of $10,000 for the breach penalty, the outstanding breach amount of $9,000 less applicable deductions,[3] and $2,080 for reasonable attorneys' fees accrued as of the filing the instant Motion.[4] Additionally, Plaintiff further requests that upon collection of the judgment, Plaintiff's counsel should be entitled to additional fees against Defendants, jointly and severally, to be determined by the Court and asks the Court to retain jurisdiction in said

---

[3] The deductions need to be based on the Ten Thousand Dollars and No Cents ($10,000) total amount allocated as "back wages."

[4] J.H. Zidell, Esq., has accrued 3 hours in attorney time at a rate of $390/hr. and Rivkah Jaff, Esq., has accrued 3.5 hours in attorney time at a rate of $260/hr. related to breach conferral, meeting with the Plaintiff regarding the settlement funds and breach, drafting, reviewing, and filing the instant Motion, and research related to same. The hourly rate is the same as set forth in Plaintiff's counsel's fee ledger filed as [DE86-1].

determination of said fees and costs upon collection of the judgment and that this judgment shall bear interest in accordance with 29 U.S.C. § 1961.

## MEMORANDUM OF LAW

### Entitlement to future fees in re: collection of default judgment:

Pursuant to *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), attorney's fees related to collection on a final judgment is available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an

> award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiff's attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorney's fees pursuant to *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009) entitling Plaintiff's attorneys to fees in collection of the default judgment. *See also Humberto Alfonso Llanes, et al., v. Webeco Food, Inc., et al.,* Case No.: 14-cv-23320-JAL [DE33 & 35]; *Jorge Puello, et al. v. Inclan Painting and Waterproofing Corp., et al.,* Case No.: 08-cv-20060-JAL [DE187 & 190].

WHEREFORE, Plaintiff respectfully requests the Court enter an Order enforcing the Parties' settlement agreement and entering a Final Default Judgment against Defendants, jointly and severally, for the amount of Twenty One Thousand Eighty Dollars and No Cents ($21,080.00), which is the sum of $10,000 for the breach penalty, the outstanding breach amount of $9,000 less applicable deductions,[5] and $2,080 for reasonable attorneys' fees accrued as of the filing the instant Motion.[6] Additionally, Plaintiff further requests that upon collection of the judgment, Plaintiff's counsel should be entitled to additional fees against Defendants, jointly and severally, to be determined by the Court and asks the Court to retain jurisdiction in said

---

[5] The deductions need to be based on the Ten Thousand Dollars and No Cents ($10,000) total amount allocated as "back wages."

[6] J.H. Zidell, Esq., has accrued 3 hours in attorney time at a rate of $390/hr. and Rivkah Jaff, Esq., has accrued 3.5 hours in attorney time at a rate of $260/hr. related to breach conferral, meeting with the Plaintiff regarding the settlement funds and breach, drafting, reviewing, and filing the instant Motion, and research related to same. The hourly rate is the same as set forth in Plaintiff's counsel's fee ledger filed as [DE86-1].

determination of said fees and costs upon collection of the judgment and that this judgment shall bear interest in accordance with 29 U.S.C. § 1961.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR DEFENDANTS
    300-71ST STREET
    SUITE 605
    MIAMI BEACH, FL 33141
    305-865-6766
    305-865-7167

    _ s/ Rivkah Jaff __
    Rivkah Jaff, Esquire
    Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 11/1/16 TO:**

**LESLIE W. LANGBEIN, ESQ.**
**LANGBEIN & LANGBEIN**
**8181 NW 154 STREET, SUITE 105**
**MIAMI LAKES, FL 33016**
**PH: 305-556-3663**
**FAX: 556-3647**

**BY:__/s/____Rivkah F. Jaff_____**
      **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24054-CIV- LENARD/GOODMAN

SANTOS MANUEL PANCHAME )
MARTINEZ and all others similarly situated )
under 29 U.S.C. 216(b), )
 )
       Plaintiff, )
vs. )
 )
EDDY COTO PRODUCE, INC., )
EDVARDO COTO, )
 )
       Defendants. )
_____ )

## ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR ENTRY OF FINAL DEFAULT JUDGMENT, AND FOR ATTORNEYS' FEES, INCLUDING FUTURE FEES REGARDING COLLECTION OF DEFAULT

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that Plaintiff's Motion filed as [DE98] is GRANTED and therefore:

1. Final Default Judgment shall be entered against Defendants, jointly and severally, and Plaintiff c/o the Client Trust Account of J.H. Zidell, P.A., shall take the following sums from Defendants, jointly and severally, (with respect to damages, breach, fees and costs as of the filing of Plaintiff's Motion [DE98]) in the amount of Twenty One Thousand Eighty Dollars and No Cents ($21,080.00) (which sum shall bear interest at the relevant statutory rate from the date of this Judgment onward);

2. Further, Plaintiff's counsel shall be entitled to collect reasonable attorneys' fees in collection of the default judgment to be determined by this Court upon collection and for

which sum let execution shall issue upon determination. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009).

3. The Court reserves jurisdiction to enter such other and further orders as deemed proper.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS _____ DAY OF _____, 2016.

_____
JOAN A. LENARD
UNITED STATED DISTRICT JUDGE

Copies to: Counsel of Record