## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-24054-CIV-LENARD/GOODMAN

**SANTOS MANUEL PANCHAME MARTINEZ,**

    Plaintiff,

**v.**

**EDDY COTO PRODUCE and EDVARDO COTO,**

    Defendants.

_____/

## ORDER ON PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS
## (D.E. 126)

**THIS CAUSE** is before the Court following the Court's Order Adopting Report and Recommendations Concerning Motion to Enforce FLSA Settlement, in which the Court found that Plaintiff is "entitled to attorneys' fees and costs associated with filing the Motion and enforcing the Settlement Agreement." (D.E. 124 at 6.) The Court provided Plaintiff's counsel an opportunity to submit copies of billing and expense records supporting the fees and costs requests, (id. at 13), which the Plaintiff's counsel filed on August 28, 2017, ("Motion," D.E. 126, 126-1, 126-2). Defendants filed a Response on August 30, 2017, ("Response," D.E. 127), to which Plaintiff filed a Reply on September 5, 2017, ("Reply," D.E. 128). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.      Relevant Background**

On October 30, 2014, Plaintiff initiated this lawsuit against Defendants, alleging overtime and minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. (Compl., D.E. 1.) On May 25, 2016, the Court entered an Order dismissing the case without prejudice upon the Parties' Joint Notice of Settlement. (D.E. 79.) On October 18, 2016, the Court entered an Order finding that the Parties' Settlement Agreement to be fair and reasonable under Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982), awarding Plaintiff $25,702.70 in attorneys' fees and costs, and dismissing the case with prejudice. (D.E. 97.) Pursuant to the Settlement Agreement, the Court retained jurisdiction to enforce and interpret the Settlement Agreement until December 15, 2016. (See D.E. 107-1 ¶ 13.)

On November 1, 2016, Plaintiff filed a Motion to Enforce Settlement Agreement, alleging that Defendants failed to comply with certain provisions of the Settlement Agreement. (D.E. 101.) On August 24, 2017, the Court entered an Order granting Plaintiff's motion in part, finding that Plaintiff's counsel was entitled to attorneys' fees and costs incurred pursuing enforcement of the settlement agreement. (D.E. 124 at 12.) At the Court's invitation, Plaintiff submitted a costs receipt, (D.E. 126-1), and a fee ledger that documents fees incurred after October 18, 2016, when the Court dismissed the case with prejudice and awarded Plaintiff attorneys' fees and costs incurred to that point, (D.E. 126-2). Plaintiff's counsel requests a total of $31,015 in attorneys' fees and $875 in costs. (D.E. 128 at 9).

## II. Discussion

The Court will begin by addressing Plaintiff's request for attorney's fees before addressing the request for costs.

### a. Attorney's fees

The framework for awarding attorneys' fees to a prevailing plaintiff requires the Court to "determine the 'lodestar,' which is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate." Id. at 1346 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The burden of establishing the number of hours reasonably expended, lies with the Plaintiff, and '[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly.'" Id. (citing Hensley, 461 U.S. at 433); Norman, 836 F.2d at 1303). "Similarly, the Plaintiff has the burden of establishing that the hourly rate requested is a reasonable one." Id. (citing Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994)). However, the Court itself is an expert on the issue "and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

#### 1. Reasonable hourly rate

Pursuant to Norman, the Court begins by determining whether counsel are billing at a reasonable hourly rate. 836 F.2d at 1299. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably

3

comparable skills, experience, and reputation." Id. (citing Blum v. Stenson, 465 U.S. 886, 895-96 (1984). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." Id. (citing NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Id. (citing Blum, 465 U.S. at 896 n.11). It is not uncommon for a party to file the affidavit of an independent attorney attesting to the reasonableness of the fees requested. See, e.g., Loranger, 10 F.3d at 781.

The Motion lists five attorneys from the J.H. Zidell law firm who worked on this case and the hourly rates at which they bill:

- J.H. Zidell: $390 per hour. Mr. Zidell has been licensed to practice law in Florida since 1994 and has primarily litigated FLSA cases for about eighteen years. (Id. at 4.)

- K. David Kelly: $350 per hour. Mr. Kelly has been licensed to practice law in Florida since 1997 and has primarily litigated FLSA cases for about ten years. (Id..)

- Rivkah Jaff: $290 per hour. Ms. Jaff has been licensed to practice law in Florida since 2013; she is also licensed in New York and New Jersey. She has been litigating FLSA cases primarily for about three years. (Id. at 5.)

- Natalie Ann Staroschak: $260 per hour. Ms. Staroschak has been licensed to practice law in Florida since 2015. (Id. at 5.)

4

- Neil Toback: $290 per hour.  Mr. Toback has been licensed to practice law in Florida since 2011.  (Id.)

In their previous request for attorneys' fees, which was submitted in connection with the Joint Motion for Fairness Hearing, (D.E. 81), Mr. Zidell billed at $350 per hour, Mr. Kelly billed at $325 per hour, and Ms. Jaff billed at $260 per hour.  (See D.E. 86-1.)  The Court implicitly found these rates to be reasonable when it granted the requested attorneys' fees.  (See D.E. 93, 97.)  Defendants do not contest the rate increases for Mr. Zidell or Mr. Kelly; however, Defendants do contest the increase for Ms. Jaff, arguing that the timing of the increase in Ms. Jaff's hourly rate is suspicious because it occurred after Judge Goodman set an evidentiary hearing on the Motion to Enforce Settlement Agreement.  (Resp. at 4.)

The only evidence Plaintiff provides in support of the requested rates is citations to orders from other judges in this district finding most of these rates (or counsel's previous rates) to be reasonable.  (Id. (citing Marengo v. Doorman's Private Ride Serv., Inc., Case No. 15-22758-Civ-Otazo-Reyes, D.E. 133 (S.D. Fla. Aug. 17, 2017); Flores v. Wheels Am. Miami, Inc., Case No. 13-21672-Civ-Goodman, D.E. 124 (S.D. Fla. Oct. 28, 2014); Perez v. Anastasia M. Garcia, P.A., Case No. 15-20615-Civ-O'Sullivan, D.E. 162 (S.D. Fla. June 16, 2016).[1]

---

[1] Although Defendants argue that there is no evidence regarding the reasonableness of Ms. Staroschak's hourly rate, the Court notes that Judge Otazo-Reyes found $260 to be a reasonable hourly rate for Ms. Staroschak in Marengo, 15-22758-Civ-Otazo-Reyes, D.E. 133 at 3.

Upon review of the record and the cases cited, and applying the Court's own expertise, the Court finds that the hourly rates recited above are reasonable under the facts and circumstances in this case. See Marengo, No. 15-22758-Civ-Otazo-Reyes, D.E. 133. The Court does not find the timing of Ms. Jaff's increased hourly rate to be suspicious—it occurred sometime between November 3, 2016 and June 20, 2017, (see D.E. 126-2 at 4-5), and there is no evidence that it was increased simply because Judge Goodman set a hearing on the Motion to Enforce the Settlement Agreement.

### 2. Hours reasonably expended

The second step in the Court's lodestar analysis is determining whether the hours claimed by the attorneys were reasonably expended. See Norman, 836 F.2d at 1301. The Court should exclude claimed hours that are "excessive, redundant or otherwise unnecessary." Id. The Court may draw upon its own experience in this analysis. See id. at 1303. Where excessive time has been billed, rather than make line-by-line reductions, a court "may engage in 'an across-the-board cut' so long as it provides adequate explanation for the decrease." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, Mr. Zidell billed 37.5 hours,[2] Ms. Jaff billed 43.2 hours,[3] Mr. Kelly billed 10.1 hours, Ms. Staroschak billed 1.6 hours, and Mr. Toback billed 0.8 hours. (See D.E.

---

[2] Mr. Zidell's request includes 36.2 hours expended before Plaintiff filed the instant Motion, and 1.3 hours expended after he filed the instant Motion. (See D.E. 126-2, 128.)

[3] Ms. Jaff's request includes 40 hours expended before Plaintiff filed the instant Motion, and 3.2 hours expended after he filed the instant Motion. Of Ms. Jaff's 43.2 hours, 10.7 were billed at $260, and 32.5 were billed at $290. (See D.E. 126-2, 128.)

6

126-2, 128.)  The sum total of these billed hours equals $31,015.00.  (See D.E. 128 at 9.)

Defendants make several arguments challenging the reasonableness of the entries on Plaintiffs' fee ledgers, including: (1) the accuracy is questionable because the law firm failed to establish how they kept track of attorney time and the typographical errors contained in the fee ledger suggest that it was thrown together hastily to meet the Court's filing deadline, (Resp. at 4-5); (2) there are numerous entries containing improper block billing and/or are vague, (id. at 5-6); and (3) several entries illustrate a lack of billing judgment, (id. at 6-12).

### A. Block billing

First, the Court has carefully reviewed all of the entries Defendant characterizes as "block billing" are finds that those entries are not improper.  (See Resp. at 5.)  "'Block billing' occurs when an attorney lists all the day's tasks on a case in a single entry, without separately identifying the time spent on each task." Ceres Envtl. Servs., Inc. v. Colonel McCrary Trucking, LLC, 476 F. App'x 198, 203 (11th Cir. 2012).  However, "the mere fact that an attorney has included more than one task in a single billing entry is not, in itself, evidence of block-billing.  When those tasks are intertwined, including a thorough description of the activities performed clarifies, rather than obscures, the record." Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1312 (S.D. Fla. 2009).  Here, the entries Defendant labels as "block billing" are intertwined and thoroughly described.  Therefore, they are not examples of block billing and are not improper.

### B.      Vague entries

Next, the Court has carefully reviewed all of the entries Defendant characterizes as "vague" and finds that those entries are not improper. (See Resp. at 6.) "[T]imekeeping entries are vague where they are not of 'sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually or reasonably expended.'" Shipely v. Hypercom Corp., CIVIL ACTION NO. 1:09-CV-0265-RGV, 2012 WL 12871631, at *12 (N.D. Ga. May 31, 2012) (quoting Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 970 (D.C. Cir. 2004)). Here, the Court finds that the entries are not so vague as to warrant a reduction because the Court can properly determine that those hours were reasonably expended. See James v. CSX Transp. Inc., CASE NO. 4:15-CV-204 (CDL), 2017 WL 2535726, at *6 (M.D. Ga. Feb. 21, 2017); Lee v. Am. Eagle Airlines, Inc., 93 F. Supp. 2d 1322, 1333 (S.D. Fla. 2000).

### C.      Lack of billing judgment

Next, the Supreme Court and the Eleventh Circuit require fee applicants to exercise billing judgment, which generally means excluding hours "that would be unreasonable to bill to a client and therefore to one's adversary . . . ." Norman, 836 F.2d at 1301. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley, 461 U.S. at 434. The Court has reviewed the entries Defendant challenges as demonstrating a lack of billing judgment and agrees that some of the entries should be stricken.

8

First, on August 2, 2017, Mr. Kelly made the following entry for 1.1 hours: "finish first draft of PT documents and email [sic] dft counsel w/conferral. (D.E. 126-2 at 11.) Defense counsel notes that it is unclear what "PT documents" are, and in any event, Mr. Kelly emailed defense counsel that day in a completely different case. (Resp. at 5.) Plaintiff fails to respond to this argument in his Reply, and the Court finds that this entry should be stricken from the fee award, reducing the lodestar amount by $385, from $31,015 to $30,630.

Second, the Court finds that some of the billed hours were excessive, redundant, or otherwise unnecessary, including:

- Ms. Jaff reviewing the docket twice on October 19, 2016, (D.E. 126-2 at 1), which warrants a reduction of 0.1 hours ($26) from Ms. Jaff's fee request;
- Mr. Kelly reviewing Judge Goodman's Report and Recommendation on August 1, 2017, the day after he "closely read" the same R & R, (id. at 11), which warrants a reduction of 1.5 hours ($525) from Mr. Kelly's fee request; and
- Ms. Jaff "continu[ing] to review" the R & R on August 8, 2017, (id. at 12), which warrants a reduction of 1 hour ($290) from Ms. Jaff's fee request.

This amounts to an $841 deduction, reducing the lodestar amount from $30,630, reducing $29,789.

Finally, the Court finds that the degree of success warrants an across-the-board reduction. Specifically, Plaintiff sought $10,000 pursuant to the Settlement Agreement's forfeiture provision in addition to the $10,000 in back wages the Court awarded Plaintiff,; however, the Court found the forfeiture provision to be unenforceable. (See D.E. 124 at

9

11.) The Court finds this limited success warrants an across-the-board reduction of 25% of the lodestar amount. See Mock v. Bell Helicopter Textron, Inc., 456 F. App'x 799, 802 (11th Cir. 2012) (finding that district court did not clearly err by applying a 25% across-the-board reduction in lodestar amount for lack of success where plaintiff obtained only 13.28% of the amount sought); Willoughby v. Youth Vills., Inc., 219 F. Supp. 3d 1263, 1271 (N.D. Ga. 2016) (applying 25% reduction of lodestar amount for only obtaining partial success). Applying the 25% reduction to the $29,789 sum, the Court finds that Plaintiff is entitled to a total attorney fee award in the amount of $22,341.75.

### b. Costs

Plaintiff seeks costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Rule 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Section 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)** Docket fees under section 1923 of this title;
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court cannot award costs beyond those prescribed in Section 1920. See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1574-75 (11th Cir. 1988).

Here, Plaintiff seek costs for hiring "the accountants and financial professionals who the parties relied upon for their opinions concerning the tax withholdings were Ordered to testify." (Mot. at 9.)  Defendant argues that these costs are not taxable under Section 1920.  (Resp. at 12 (citing, e.g., Nat'l Bancard Corp. v. Visa USA, Inc., 112 F.R.D. 62, 68 (S.D. Fla. 1986)).  Plaintiff did not reply to Defendant's argument.

In Glenn, the Eleventh Circuit held that expert witness fees were are limited to the fees enumerated in 28 U.S.C. § 1821.  841 F.2d at 1575.  These fees include a $40 per diem for attendance in court, as well as certain necessary travel expenses.  28 U.S.C. § 1821(b) & (c).

Plaintiff requests $875 and presents a receipt from the Benhayoun Law Firm for $875, but it is entirely unclear what expenses or fees this figure is intended to compensate.  As such, the Court cannot determine whether all or some part of the $875 requested is taxable as costs under 28 U.S.C. §§ 1920 and 1821, although the Court finds it unlikely that all $875 are recoverable as taxable costs.  In any event, because Plaintiff has not established that he is entitled to $875 in taxable costs for his expert accountant, the Court denies without prejudice the request for costs.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Attorneys' Fees and Costs (D.E. 126) is **GRANTED IN PART AND DENIED IN PART** consistent with this Order; and

11

**2.** Plaintiff Santos Manuel Panchame Martinez shall have and receive from Defendants Eddy Coto Produce, Inc. and Edvardo Coto $22,341.75 in attorneys' fees, for which sum let execution issue; and

**3.** Plaintiff shall have seven days from the date of this Order to submit an Amended Motion for Costs that is limited to expert witness costs taxable under 28 U.S.C. §§ 1920 at 1821; the Motion and any response thereto shall not exceed eight (8) double-spaced pages, excluding signature block and certificate of service, and any reply shall not exceed five (5) double-spaced pages, excluding signature block and certificate of service.

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of January, 2018.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**